PER CURIAM.
Defendant, charged with armed robbery, pleaded guilty on January 4, 1982 to simple robbery pursuant to a plea bargain which did not include an agreement as to sentence.[1] He was then remanded to parish prison.
When defendant appeared for sentencing on March 12, 1982, defense counsel pointed out that defendant “does appear to have a mental problem”, noting that he attempted to commit suicide in parish prison.[2] However, defense counsel simply requested, in the event the defendant is sentenced to prison, that “the Court would ask that the Department of Corrections make sure that he gets the proper medical attention”.
The trial judge determined that defendant had been examined by a psychiatrist, but that no reports had been filed in the record and no hearings had been held on defendant’s competency to stand trial (or to plead). Remarking that “this is subject to further review in Angola”, the trial judge then sentenced defendant to seven years imprisonment at hard labor, ordering that defendant “be given medical treatment as required”.
The trial court erred in sentencing defendant, after being notified of his history of mental problems, without inquiring into defendant’s possible ineompetency at the *1390 time of his plea. Therefore, the sentence must be set aside. However, since psychiatric information for the pertinent period of time is apparently available, it is possible that the trial judge may be able to determine on remand the defendant’s competency on the date of his plea.[3]
Accordingly, the sentence is set aside, and the matter is remanded to the trial court with instructions to determine defendant’s competency at the time of his plea. If defendant is determined to have been incompetent, then the trial judge should vacate the plea. If defendant is determined to have been competent, then the trial judge should resentence defendant, after which defendant will be entitled to an appeal on the conviction and sentence.
WATSON, J., dissents.

. The trial judge painstakingly advised defendant of the rights he was waiving by pleading guilty, of the possible sentence, and of the elements of the offense. The judge then had defendant state the details of the event, and defendant described taking money by force from his elderly landlady’s purse. However, he denied the use of a knife and claimed the lady owed him the money.

. The record contains a January 11, 1982 memorandum to the trial judge from the parish judicial administrator, stating that the office had been informed defendant “has an extensive mental problem history and has attempted suicide many times”. The memorandum further stated that defense counsel had been notified and had stated he would immediately file a motion for sanity hearing.

. This court has determined that defendant underwent a medical examination at parish prison on September 11, 1981, after being in the psychiatric ward at Charity Hospital the previous week. He also underwent psychiatric examination at parish prison on September 16, November 12 and 19, and January 7 and 11, 1982.